```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION

PERSONA GRATA NORTH AMERICA      )
dba United Consumers Club of     )
Providence, Rhode Island;        )
KELLMARK CORP. dba United        )
Consumers Club of Buffalo, New   )
York,                            )
                                 )
            Plaintiffs           )
                                 )
         v.                      )
                                 )
UNITED CONSUMERS CLUB, INC.;     )
UNITED CONSUMERS CLUB            )
FRANCHISING CORPORATION; BETA    )
FINANCING COMPANY; NATIONAL      )
MANAGEMENT CORPORATION; JAMES    )
GAGAN; JACK ALLEN; SCOTT         )
POWELL; RODNEY TROUTMAN,         )
                                 )
            Defendants           )
*****************************)      Case No. 2:97 cv 276
UNITED CONSUMERS CLUB, INC.;     )
UNITED CONSUMERS CLUB            )
FRANCHISING CORPORATION; BETA    )
FINANCING COMPANY; NATIONAL      )
MANAGEMENT CORPORATION,          )
                                 )
            Counter-Plaintiffs   )
                                 )
         v.                      )
                                 )
S.A.C.A., INC.; TEC ASSOCIATES,)
INC.; COCHRAN MANAGEMENT         )
SERVICES, INC.; ENG LIM, DENNIS)
GAIN, STEVEN ADOLFI, CARRIE      )
ADOLFI, MARK E. BLEDSOE, KELLY )
E. BLEDSOE, THOMAS E. CALLAHAN,)
JR., THOMAS E. CALLAHAN, SR.;    )
JAMES T. COCHRAN and MONICA K.   )
COCHRAN; KELLMARK CORP.;         )
PERSONA GRATA NORTH AMERICA;     )
THE EMANCIPATION TRUST,          )
                                 )
            Counter-Defendants   )
```

<u>OPINION AND ORDER</u>

This matter is before the court on the Motion for Clarification of Summary Judgment Order filed by the defendants, the

United Consumers Club, Inc. et al., on August 16, 2005.  For the reasons set forth below, the motion is **GRANTED**.

Background

This case began in 1997 as a nine-count complaint against United Consumers Club, Inc., its board of directors, and others in which the original plaintiffs, eight UCC franchises and 15 individual officers of the franchises, claimed that they were the victims of a fraudulent scheme devised by the defendants regarding the nature of the franchises and UCC memberships.  After this court severed the plaintiffs' two remaining fraud claims and the defendants' counterclaim for three separate trials, the court directed a verdict at the first trial against plaintiff Kellmark Corporation on July 27, 2005.  Thus, the only claim (other than the counterclaim) remaining in this case is Persona Grata's fraud claim under Rhode Island law.  This claim is based on two allegations: (1) that very few or no UCC franchises failed in the past, and (2) that the average UCC franchisee earned at least $100,000 per year.

On September 3, 2003, the court addressed 18 claims by three plaintiffs, including Persona Grata and its owner Eng Lim, in an order granting in part and denying in part summary judgment.  In the Order, the court found that Section XIX of the offering circular signed by Lim on behalf of Persona Grata specifically disclaimed "the representation that UCC franchises are successful or that they make a certain profit."  (2003 Order, p. 17) Based on this disclaimer, the court stated:

2

> Lim reasonably could [not] have relied on any alleged oral misrepresentations as to average sales of other UCC franchises.  Similarly, . . . Lim reasonably could [not] have relied on statements concerning the success of other UCC franchises based on this disclaimer. . . . Lim reasonably could not have relied on any oral statement regarding the success of past franchises because they were informed in the plainest language not to rely on such statements.

(2003 Order, p. 18)

The court further found that because Section XX of the offering circular gave "specific information about the number of franchises that had failed in the past, none of the plaintiffs, as a matter of law, reasonably could have relied on an oral statement that few or no UCC franchises had failed in the past."  (2003 Order pp. 22-23) In addition to the problems pertaining to reasonable reliance, the court noted that the "plaintiffs, including Lim, also have not shown how this alleged misrepresentation [of average earning capacity] caused them any amount of harm."  (2003 Order, p. 24)

Despite this analysis, the court concluded the Order with the statement, "All of Lim's fraud allegations fail except with respect to the allegation that very few or no UCC franchises had failed in the past and that the average UCC franchisee earned at least $100,000 per year.  The defendants have not shown that Lim cannot support his claim of fraud with respect to these two claims."  (2003 Order, pp. 26-27)

On August 16, 2005, the defendants filed the current motion to clarify the inconsistencies between the substance of the 2003

3

Order and the court's ultimate conclusion.  In response, the plaintiff states that "Lim is not alleging he received any representations as to the number of failures in the UCC system." (Pl. Resp., p. 3) Therefore, the only issue remaining in the Persona Grata case is whether the average UCC franchise earned at least $100,000 per year.  The court clarifies the 2003 Order on the issue of whether this claim in fact survives summary judgment here.

## Discussion

The plaintiff first argues that the defendants' motion is untimely under Federal Rule of Civil Procedure 59(e) which states that "[a]ny motion to alter or amend a judgment shall be filed no later than 20 days after entry of the judgment."  However, Federal Rule of Civil Procedure 54(b), rather than Rule 59(e), applies here because judgment has not been entered in this case. *See* ***Murdock & Sons Construction, Inc. v. Indiana***, No. IP 99-1723-C-T/F, 2002 WL 31243407, at *2 (S.D. Ind. July 8, 2002) ("Because entry of judgment has not been made, Rule 54(b) of the Federal Rules of Civil Procedure authorizes reconsideration of the court's Entry on Summary Judgment Motions.").  According to Rule 54(b), when the court has not entered final judgment, "the order or other form of decision is subject to revision *at any time* before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."  (emphasis added). Reconsideration of a previous order under rule 54(b) is appropriate when justice so requires or when the court "has made an

4

error not of reasoning but of apprehension." *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995) (*quoting* **Bank of Waunakee v. Rochester Cheese Sales, Inc.**, 906 F.2d 1185, 1191 (7th Cir. 1990). *See also* **Clarke v. Ford Motor Company**, 228 F.R.D. 631, 633 n.2 (E.D. Wis. 2005).

The defendants' motion to revise the 2000 Order is timely under Rule 54(b). It is also necessary to correct an error that renders two sentences in the court's holding inconsistent with the significant reasoning and analysis in the body of that opinion. Given the court's previous conclusion that Lim could not have reasonably relied on oral statements concerning the average sales of other UCC franchises and that Lim had failed to show he was damaged, the court's statement that Lim's claim on average franchise income survived summary judgment lacks foundation. Accordingly, the final paragraph in the September 2003 Order must be amended to show that none of Persona Grata's claims survive summary judgment.

Nevertheless, the plaintiff argues without citation to law that Persona Grata's claims survive because the 2003 Order only referenced oral representations of annual income, but Lim received both oral and written representations. However, the disclaimers and mergers clause in Lim's offering circular disclaimed "any" warranties, guarantees, or representations pertaining to the "revenues, profits or success of the business venture . . ." and further stated that "'there are no other oral or written understandings' between the parties except what is

5

contained in the agreement."  (2003 Order, p. 12) Section XIX of the circular repeated this disclaimer.  (2003 Order, p. 17) Thus, the circular itself made no distinction between oral and written representations.  In addition, Rhode Island law does not distinguish between oral and written evidence when considering parole evidence.  See *Filippi v. Filippi*, 818 A.2d 608, 619 (R.I. 2003). Finally, even if the offering circular or Rhode Island law somehow distinguished between oral and written representations, Persona Grata's fraud claim fails because Lim failed to show damages.  Therefore, the plaintiff's argument regarding written representations fails.

_____

For the foregoing reasons, the Motion for Clarification of Summary Judgment Order filed by the defendants, the United Consumers Club, Inc., et al., on August 16, 2005 is **GRANTED**.  The court **AMENDS** the last paragraph of the September 2003 Order to show that none of Persona Grata's claims survive summary judgment for the reasons set forth in that opinion.  The court further **VACATES** the trial date and all trial-related deadlines pertaining to Persona Grata's claims.  However, the telephonic status conference scheduled for December 9, 2005 is REAFFIRMED.

ENTERED this 7th day of December, 2005

s/ ANDREW P. RODOVICH
United States Magistrate Judge

6